UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STACY KEIL,

        Plaintiff,                             Civil Action No. 10-cv-13973

     v.                                    District Judge Nancy G. Edmunds
                                              Magistrate Judge Laurie J. Michelson

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

**REPORT AND RECOMMENDATION TO DENY
PLAINTIFF'S MOTION FOR ATTORNEY'S FEES [20]**

Plaintiff Stacy Keil brought this suit to challenge the Defendant Commissioner of Social Security's denial of his application for benefits under the Social Security Act. In a prior Report and Recommendation, this Court found that the case should be remanded to the Commissioner because the Administrative Law Judge ("ALJ") failed to adequately articulate his reasons for finding that Plaintiff was not disabled within the meaning of the Act. (Dkt. 17.) The parties filed no objections to this Report and Recommendation, and the District Judge has adopted it as her Opinion and Order. (Dtk. 18.) Now before the Court for Report and Recommendation is Plaintiff's Motion for Attorney's Fees pursuant to the Equal Access to Justice Act. (Dkts. 20, 22.) The Commissioner has filed his Response (Dkt. 21), and the Court notified the parties that it will proceed without oral argument (Dkt. 23).

For the following reasons, this Court RECOMMENDS that Plaintiff's Motion for Attorney's Fees (Dkt. 20) be DENIED.

## I. BACKGROUND

### A. The Administrative Record

The Administrative Record was summarized at length in this Court's earlier Report and Recommendation. (Dkt. 17.) A brief summary is presented here.

Plaintiff's case involves a large time gap between a hospitalization, his date last insured (the date upon which Plaintiff must have been disabled to receive benefits), and more recent medical records. In 1980, when Plaintiff was 21 years old, he was hospitalized for nearly a month for injuries from an attempted suicide. An admission note indicated the presence of an organic brain disturbance and that Plaintiff was a "slow learner, easily confused." A hospital discharge summary indicated an I.Q. score within the normal range but also provided that Plaintiff "had rather concrete simplicity type thinking that suggested that he was mentally retarded." Plaintiff's date last insured was June 30, 1982. Many years later, Plaintiff's parents, who had cared for him his whole life (Plaintiff had only ever had two limited-duration, part-time jobs) stopped being able to do so (Plaintiff's father died and his mother was stricken with Alzheimer's). Shortly thereafter, beginning in 2007, Plaintiff had additional psychiatric evaluations. One psychiatrist found that Plaintiff had a "long history of mental illness" and that his impairments were "long-standing." Another psychiatrist's impression was that Plaintiff had a "long history of Paranoid Schizophrenia."

Plaintiff's cousin, Lowell Solinsky, also gave testimony at the hearing before the ALJ. He provided that he did not believe that Plaintiff had been capable of caring for himself since his 20's or high-school years, and that, even at that time, Plaintiff was "spacey" and seemed younger than his chronological age.

### B. The ALJ's Decision

The ALJ's decision was brief. At Step Two, the ALJ did not explicitly find that, prior to Plaintiff's date last insured, Plaintiff did not have a "severe" impairment that lasted or was expected to last for a continuous period of at least twelve months. Instead, he concluded that "the file does not contain sufficient evidence to establish disability prior to the date last insured." The ALJ reasoned:

> The claimant asserts disability as of January 1, 1978. This is a disability insurance benefits only case with no supplemental security income claim. The claimant's date last insured is June 30, 1982. The file does not contain sufficient evidence to establish disability to the date last insured. This is particularly true, given the claimant's cousin's testimony indicating that the claimant has significantly deteriorated recently, and that the claimant's condition is worse since his father died approximately four years ago.

## II. ANALYSIS

### A. Legal Standards Governing an Award of Fees Under the Equal Access to Justice Act

The Equal Access to Justice Act ("EAJA") provides, "[e]xcept as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . [in] proceedings for judicial review of agency action, brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make the award unjust." 28 U.S.C. § 2412(d)(1)(A). Thus, to be eligible for a fee award under the EAJA, (1) the claimant must be a prevailing party, (2) the Commissioner's position must not have been "substantially justified," and (3) there must be no special circumstances making the award unjust. *Marshall v. Comm'r of Soc. Sec.*, 444 F.3d 837, 840 (6th Cir. 2006).

The Supreme Court has explained that substantially justified means "'justified in substance

3

or in the main' – that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). "[A] position can be justified even though it is not correct, and. . . it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Id.* at 566 n.2. Restated, "[t]he test for substantial justification is whether the agency had a rational ground for thinking it had a rational ground for its action." *Kolman v. Shalala*, 39 F. 3d 173, 177 (7th Cir. 1994) (Posner, J.). The Commissioner has the burden of establishing that his position was substantially justified. *See Department of Labor Sec'y v. Jackson Co. Hosp.*, 215 F.3d 1327 (Table), 2000 WL 658843, at *3 (6th Cir. 2000).

### B. The Commissioner's Position Was Substantially Justified

Plaintiff has essentially made no argument that the Commissioner's position was not substantially justified. Plaintiff provides,

> It will be left to the government to meet its burden of showing that its position in this case, both at the agency level, and in court was substantially justified. However, the Court is urged to consider how the Administrative Law Judge failed to adequately justify his decision to deny benefits.

(Pl.'s Br. in Supp. of Mot. for Attorney's Fees at ECF Pg ID 372.) The Court has considered Plaintiff's request yet finds that the Commissioner has carried his burden.

In remanding, this Court found that the ALJ's decision was problematic because he did not adequately explain in his narrative why he concluded that the record did not contain sufficient evidence to establish disability prior to the date last insured. *See Pollaccia v. Comm'r of Soc. Sec.*, No. 09-cv-14438, 2011 WL 281044, at *6 (E.D. Mich. Jan. 6, 2011) *report adopted by* 2011 WL 281037 (E.D. Mich. Jan. 25, 2011) (reasoning that courts "'may not uphold an ALJ's decision, even

4

if there is enough evidence in the record to support it, if the decision fails to provide an accurate and logical bridge between the evidence and the result.'" (quoting *Ramos v. Astrue*, 674 F. Supp. 2d 1076, 1080 (E.D. Wisc. 2009))). In particular, the ALJ discussed none of the medical evidence in this case, and appeared to believe, contrary to Sixth Circuit case law, that Plaintiff's post-date-last-insured evidence was entirely irrelevant. And this error was not necessarily harmless because some of Plaintiff's recent psychiatric evaluations provided that his mental impairments were long standing (i.e., possibly existing prior to Plaintiff's date last insured). The Court also found that the ALJ's reliance on Solinsky's testimony was misplaced. In this Court's view, Solinsky testified that Plaintiff had been unable to care for himself since school-age and that Plaintiff's condition had worsened recently only in the sense that his parents were no longer able to care for him. The Court further noted that even if the ALJ correctly interpreted Solinsky's testimony that Plaintiff's mental impairments themselves had worsened (as opposed to a greater manifestation of those impairments absent his parent's care) this would not preclude the possibility that Plaintiff had still been disabled prior to deteriorating further.

Given the foregoing errors, the Commissioner's decision to defend the ALJ's position was reasonable. The Court did not find that substantial evidence did not support the ALJ's decision. Nor did the Court find that the ALJ violated a social security regulation. On remand, there may indeed be good reasons that the ALJ can supply for finding that insufficient evidence exists to allow one to reasonably conclude that Plaintiff suffered from disabling mental impairments prior to his date last insured. The Court did not supply such reasons *post hoc*, however, because it believes that it is for the ALJ to do so in the first instance. There is ample support for a denial of fees in this type of situation. *See Stein v. Sullivan*, 966 F.2d 317, 319-20 (7th Cir. 1992) ("[Appellant] argues, as he

5

did in the district court, that the Secretary failed to abide by a well-settled rule of law that requires the Secretary, who has delegated his authority to the ALJ and Appeals Council, to articulate that he considered all the evidence in the case before arriving at a decision. . . . That the ALJ failed to meet this articulation requirement in no way necessitates a finding the Secretary's position was not substantially justified."); *Reynolds v. Astrue*, No. 08-13055, 2011 WL 4944426, at *3 (E.D. Mich. Oct. 18, 2011) ("Although the ALJ did not comprehensively describe his thought process at Step Three, the Court finds that Defendant was substantially justified in relying on the ALJ's ultimate decision to deny benefits."); *Kinsora v. Comm'r of Soc. Sec.*, No. 09-11507, 2011 WL 2173909, at *4 (E.D. Mich. Apr. 18, 2011) *report adopted by* 2011 WL 2173829 (E.D. Mich. Jun 2, 2011) ("'The ALJ's failure to articulate his reasoning with respect to this issue does not, in and of itself, establish that there was no reasonable basis for the ALJ's decision to deny benefits . . . . This is not a case where the claimant presented overwhelming proof of disability.'" (quoting *Saal v. Comm'r of Soc. Sec.*, No. 1:08-cv-347, 2010 WL 2757554, *3 (W.D. Mich. June 24, 2010))).

## III. CONCLUSION

For the foregoing reasons, this Court RECOMMENDS that Plaintiff's Motion for Attorney's Fees (Dkt. 20) be DENIED.

## IV. FILING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections,

but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97. Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office. *See* E.D. Mich. LR 5.1. A copy of any objections is to be served upon this magistrate judge but this does not constitute filing. *See* E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response. E.D. Mich. LR 72.1(d)(3), (4).

                                                s/Laurie J. Michelson
                                                LAURIE J. MICHELSON
                                                UNITED STATES MAGISTRATE JUDGE

Dated: December 19, 2011

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on December 19, 2011.

                                                s/Jane Johnson
                                                Deputy Clerk